THERESA HEALY *vs.* GILCHRIST COMPANY.

Suffolk.    January 17, 18, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

It is not the duty of the proprietor of a retail store, in a department of which a new floor is being laid while business is being carried on, to warn an intelligent saleswoman of mature years employed by him in this department that she must look out for a plank, which is lying nearly flat on the floor with one end of it resting on the edge of the new upper surface of the floor that is being laid, and must be careful to step over it so as not to stumble; and a failure to give such an unnecessary warning is not evidence of negligence.

TORT for personal injuries sustained by the plaintiff on October 14, 1904, while in the employ of the defendant as a saleswoman on the second floor of the defendant's store on Washington Street in Boston.  Writ dated February 14, 1905.

In the Superior Court the case was tried before *Bishop*, J. The facts shown by the evidence are stated in the opinion.  The judge ruled that there was not sufficient evidence to warrant a jury in finding for the plaintiff, and ordered a verdict for the defendant.  The plaintiff alleged exceptions, which after the death of *Bishop*, J., were allowed by *Pierce*, J.

*J. F. Cronan*, for the plaintiff.

*W. I. Badger*, ( *W. H. Hitchcock* with him,) for the defendant.

RUGG, J.  The plaintiff was a saleswoman in the employ of the defendant.  The latter was laying a floor over what had before been a stairway.  After the lining floor of plank had been laid over the entire space and a covering floor about seven eighths of an inch in thickness on top of this over a part of the space, the department in which the plaintiff worked was moved to the place, and the business of selling goods was there carried on.  Against the edge of the covering floor a plank nine inches wide and two and one half inches thick, and a number of feet in length, was laid flat without being nailed, one end resting on the lining floor, and the other on the covering floor.  The purpose of this arrangement is not stated, but it may have been for protection of the upper flooring.  This was inside a quadrangular space mostly enclosed by tables and cases.  The plaintiff began work under these conditions on Wednesday.  During that night additional covering floor was laid, the plank being as before laid next its edge.  No more covering floor was laid on Thursday night, and the plank on Friday morning was in the same place as on Thursday.  During Friday morning while the plaintiff was walking with some goods on her arm from a case on the lining floor toward a table on the covering floor, she caught her toe on the plank, and, falling, received the injuries for which she seeks to recover in this action.

The case is a close one, but we are brought to the conclusion that there was no evidence of negligence on the part of the defendant.  The physical situation we have described constituted no trap.  It is not negligence in and of itself to make changes

in a retail store or to carry on business while they are in progress. The duty resting on the employer under such circumstances is to give adequate information to those employed, so that they may fully appreciate existing peril and the consequences likely to ensue from it. The plaintiff was an intelligent woman of mature years, and saw and knew about the plank, and was left to do the work in her own way. The danger was open and plain and temporary in character. The greatest care, which the defendant could have been asked to exercise, was to warn her that the plank was there, and that she must be careful to step over it so as not to stumble. But such a statement could have conveyed to the plaintiff no knowledge, which she did not already have. The failure to give instructions where none are necessary is not negligence. There was no such probability that a saleswoman, in the possession of her faculties and aware of the presence and position of a plank lying nearly flat on the floor, would fail to step over it as to make it incumbent upon the defendant to take any measures to prevent injury. There was no fact or circumstance naturally calculated to excite apprehension in the minds of the agents of the defendant as reasonably prudent men that the plaintiff would suffer harm. *Meehan* v. *Holyoke Street Railway*, 186 Mass. 511. *Regan* v. *Lombard*, 192 Mass. 319. *Pembroke* v. *Cambridge Electric Light Co.* 197 Mass. 477. *Duffy* v. *New York, New Haven, & Hartford Railroad*, 192 Mass. 28. *Lanoue* v. *Nelson*, 202 Mass. 554.

*Exceptions overruled.*