CORNELIUS MUNGOVAN *vs.* MICHAEL O'KEEFFE.

Suffolk.     January 19, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability.

Sugar barrels piled one upon another at the side of a passageway in a grocery, where they are placed temporarily among other goods, are not a part of the ways of the proprietor of the store as that word is used in R. L. c. 106, § 71, cl. 1, now St. 1909, c. 514, § 127, cl. 1.

At the trial of an action against the proprietor of a grocery by an employee therein to recover for personal injuries caused by the falling upon the plaintiff of a sugar barrel which was at the side of a passageway along which the plaintiff in the performance of his duties was rolling another barrel, there was evidence tending to show that the barrel was piled end for end upon another, its bottom not resting on the rim of the lower barrel, but at an angle upon its head, that the usual way of piling sugar barrels was upon their sides, that the floor where the barrels stood was being jarred by heavy trucking at the time when the barrel fell, and was so jarred whenever there was heavy trucking, that the piling of goods in the defendant's store was in charge of a superintendent and that the plaintiff first noticed just before the accident that the barrel which fell upon him was piled in an unusual way. There was no evidence that the superintendent was present when the barrel that fell upon the plaintiff was piled, but it appeared that it had been delivered at the store five days before. *Held*, that the questions, whether the plaintiff assumed the risk of the injury, and whether the superintendent was negligent, were for the jury.

TORT for personal injuries received while the plaintiff was in the employ of the defendant in a grocery and due to the falling upon him of a barrel of sugar. Writ dated September 16, 1907.

The declaration contained two counts, the first under R. L. c. 106, § 71, cl. 2, alleging negligence of one Caswell, a superintendent of the defendant, and the second under cl. 1 alleging a defect in the " ways connected with and used in the business of

the defendant, which arose from and had not been discovered or remedied in consequence of the negligence of . . . Caswell, a person in the service of the defendant who was entrusted by the defendant with the duty of seeing that the ways were in proper condition."

In the Superior Court the case was tried before *White,* J. The plaintiff's evidence tended to show that, at the time of the accident and for about four months before, one Caswell was in charge of the receiving department of the defendant's store and directed how goods received should be piled away; that on a Saturday certain sugar barrels were received and were piled away, and that the plaintiff did not see them piled away and did not know who piled them; that on the following Thursday the plaintiff was directed to get one of the barrels and for that purpose went along a passageway, where goods were piled on each side, and found a barrel on its side and back of it two barrels, set on end one on top of the other, the one on top not being set squarely on the one beneath, but with its rim resting partly on the head of the under barrel; that as the plaintiff was trying to move out the barrel which was in front of the two so piled, the head of the lower barrel crushed in and the upper barrel fell against the plaintiff; that the floor upon which the barrels stood " used to go up and down like, shake, something of the sort," every time there was any heavy trucking " there," and that at the time of the accident there was some trucking being done; that the usual way to pile sugar barrels was on their sides.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict generally for the defendant; and the plaintiff alleged exceptions.

*A. K. Cohen,* for the plaintiff.

*F. N. Nay,* for the defendant.

BRALEY, J. The position of the barrels of sugar, one upon the other rim to rim, by which the weight of the upper crushed in the head of the lower barrel and then fell upon the plaintiff, did not constitute a defect in the ways, works or machinery of the defendant. The condition was of a temporary character arising from a transitory cause, and the verdict in the defendant's favor on the second count must stand. *Carroll* v. *Willcutt,*

163 Mass. 221. *Whittaker* v. *Bent*, 167 Mass. 588. *Feeney* v. *York Manuf. Co.* 189 Mass. 336.

But under the first count the evidence would have warranted a finding by the jury that Caswell, who was the defendant's foreman, had been entrusted with superintendence under R. L. c. 106, § 71, cl. 2, now by codification St. 1909, c. 514, § 127, cl. 2. *Murphy* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 18. If the breaking of the barrel head caused the plaintiff's injuries, as there seems to have been no doubt was the fact, the jury from their common knowledge, as well as from the evidence of the method usually followed by the defendant, could say that, when properly stored, the barrels should have rested upon their sides, and should not have been tiered end for end, one upon the other. The warehouse was used for the general storage of commodities in which the defendant dealt, and as sales were made the plaintiff among other employees took out the merchandise. It could have been found that while doing so the jar from rolling out another barrel of sugar in proximity to it, caused the barrel which fell to topple over. Under these conditions it could not be ruled as matter of law that the foreman, who generally directed the placing of barrels and storage of goods, and who knew of the general course of business, was not called upon in the exercise of reasonable care to anticipate that there might be danger of a collapse when the plaintiff had to remove contiguous merchandise. If by proper oversight he could have guarded against it, his failure to act was evidence for the jury tending to prove that he was negligent. *Proulx* v. *J. W. Bishop Co.* 204 Mass. 130. *Rooney* v. *Boston & Maine Railroad*, *ante*, 106.

Nor was the plaintiff's conduct as matter of law careless. It appears that his attention was not called to the position of the barrels until just as the accident occurred. The jury were to determine how far the presumption, that the employer or his representative had discharged the duty of furnishing a reasonably safe place in which to perform the work, should have been relied upon by the plaintiff. Obvious risks only are assumed by contract, but when the defense of assumption of risk by conduct as in the case at bar is invoked, knowledge of the danger by the employee is not alone sufficient to bar recovery. *Moylon* v. *D. S. McDonald Co.* 188 Mass. 499, 501, and

cases cited.    *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 467.

The exceptions, therefore, must be sustained, but the verdict is set aside only as to the first count, on which there must be a new trial.                                        *So ordered.*