WILLIAM H. SANDERS *vs.* NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY.

Suffolk.   December 13, 1911. — June 17, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action by a machinist against a railroad corporation for personal injuries sustained when in the employ of the defendant from an iron boiler head falling upon the plaintiff while it was being hoisted under the direction of a superintendent of the defendant, if it appears that the plaintiff was an experienced machinist, but that he knew nothing about the job on which he had been put to work when the accident happened and that he had told the superintendent so, that he followed the directions of the superintendent, and that, although he told the superintendent that he thought there was danger, he relied on the superintendent's assurance that it was "all right" and that they had done "hundreds of those kind of work on this machine," and if there is evidence that the method adopted by the superintendent to raise the boiler head was an improper one, the questions whether the plaintiff was in the exercise of due care and whether he assumed the risk of injury, as well as the question of the defendant's negligence, are for the jury.

TORT for personal injuries sustained by the plaintiff on March 21, 1907, while in the defendant's employ from the falling of an iron boiler head which was being hoisted to the table of a boring machine.   Writ dated December 7, 1907.

In the Superior Court the case was tried before *DeCourcy,* J. The boiler head was about seven feet in diameter and was over an inch thick.   In the middle of it was a round hole about two feet in diameter with a three-inch flange around it.   The hole was intended to be closed by an iron door and the work to be done on the boring machine was the drilling of holes for the hinges of this door.   The method used to raise the boiler head was to fit a piece of timber about thirty inches long into the hole and then to place a chain around the piece of timber and hoist the boiler head by a tackle and fall made fast to a hook on a crane above the boring machine.   While being hoisted under the direction of the defendant's superintendent the boiler head tipped over and fell on the foot of the plaintiff.

The verdict and the questions raised by the exceptions of both parties are stated in the opinion.

The case was submitted on briefs.

*D. H. Coakley, R. H. Sherman & W. M. Hurd,* for the plaintiff.
*G. L. Mayberry,* for the defendant.

MORTON, J. This is an action of tort to recover for personal injuries received while in the defendant's employ. The declaration was in four counts. With the consent of the plaintiff the presiding judge directed a verdict for the defendant on the second and fourth counts. Subject to the plaintiff's exceptions he directed a verdict for the defendant on the third count. The case went to the jury on the first count which alleged negligence on the part of the superintendent. There was a verdict for the plaintiff. The case is here on exceptions by both parties.

We take up first the defendant's exceptions. They are that the plaintiff was not entitled to recover, that he was not in the exercise of due care and assumed the risk, and that there was no evidence of negligence on the part of the defendant. We think that these were all questions of fact for the jury. At the time of the accident the plaintiff was forty-eight years old and was an experienced machinist. But, as he told Wieberg, the superintendent, he did, not know anything about the job on which he had been put to work by Wieberg, and on which he was working when he was injured. In procuring the stick and putting it into the boiler front he did as directed by Wieberg, and in assisting to hoist up the boiler front and put in on the boring machine he acted under Wieberg's directions. Although he thought, as he told Wieberg, that it was "quite a dangerous place," he had a right to rely on Wieberg's assurance that, as testified to by the plaintiff, "It is all right. We done hundreds of those kind of work on this machine." In view of his inexperience in regard to the particular kind of work that he was doing and of the fact that he was acting under Wieberg's directions, the question of his due care and assumption of the risk was for the jury. *Griffin* v. *Joseph Ross ,Corp.* 204 Mass. 477. *Di Bari* v. *J. W. Bishop Co.* 199 Mass. 254. *Reardon* v. *Byrne,* 195 Mass. 146. It was for the jury to say whether the method in which Wieberg undertook to raise the boiler head was or was not a proper way. It could not be ruled as matter of law that there was no evidence of negligence on the part of the defend-

ant, or that the plaintiff could not recover. The case was rightly submitted to the jury on the first count.

We pass to the plaintiff's exception to the ruling of the presiding judge directing a verdict for the defendant on the third count. This count alleged that the plaintiff was set to work in an unsafe place with unsuitable and unsafe appliances, and without due warning or instructions. There was no evidence of any defect in the place where the plaintiff was set to work or in the apparatus that was furnished. The plaintiff took the appliances and apparatus as he found them when he entered the defendant's employment, except as to defects which could not be discovered by the exercise of ordinary care and diligence, and no duty rested on the defendant to furnish better ones. *Miszoian* v. *Taft,* 206 Mass. 227. *McDonnell* v. *New York, New Haven, & Hartford Railroad,* 192 Mass. 538. There is nothing to show that the machinery or appliances were not suitable for the use for which they were designed. The negligence consisted, as already pointed out, in the improper manner in which the superintendent undertook to raise the boiler head. It follows that there was no error in directing a verdict for the defendant on the third count.

*Defendant's exceptions overruled; plaintiff's exceptions overruled.*