APOLLONARI SAKAS *vs.* LUMSDEN AND VAN STONE COMPANY.

Suffolk.     March 4, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability, In a foundry.

At the trial of an action against the proprietor of a foundry by a workman who was injured by having his clothes catch fire while he was helping to lift a crucible filled with molten brass heated to two thousand degrees Fahrenheit, it appeared that the plaintiff had been employed at the foundry for two and a half years, that two men were needed to lift each crucible and that it was customary not to have the same men lift two successive crucibles, because of the increased danger that the continuous heat would set their clothes on fire, but that the superintendent did not heed the custom on the occasion in question, and that by his orders the plaintiff was helping to lift a second successive crucible when his clothing caught fire. It also appeared that it was not uncommon in the foundry for a workman's clothing to catch fire. *Held,* that the added danger from the handling of the second crucible was as obvious as was the danger in the handling of the first, and therefore that the risk of injury therefrom was assumed by the plaintiff as a matter of law, and that the superintendent was under no duty to warn him of it.

While an employee in a foundry was assisting in holding a crucible filled with molten brass while clinkers were being knocked from its bottom, he felt his clothing burning and called to a superintendent that he was burning. The superintendent replied, "Never mind, hold up," and then, as soon as he saw fire on the employee's clothing, told him to let the crucible down. At the trial of an action by the employee for his injuries so caused, a witness for the plaintiff testified, that to have put down the crucible while the clinkers were attached to it would have been more dangerous than to have waited, as the superintendent did, until the clinkers were removed. This testimony was undisputed. *Held,* that the order of the superintendent directing the plaintiff to "hold up" could not have been found to have been negligent.

TORT for personal injuries, received by the plaintiff while employed in a foundry of the defendant and caused by his clothing

being set on fire when he was assisting in lifting a pot or crucible of molten brass. Writ dated October 27, 1908.

In the Superior Court the case was tried before *Lawton*, J. It appeared that the plaintiff had been employed in the foundry for two and a half years. Other material facts are stated in the opinion. At the close of the evidence the defendant asked that a verdict be ordered for the defendant. The request was refused. The jury found for the plaintiff in the sum of $800; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. O. Garner*, for the defendant.

*J. F. Creed & J. J. Mansfield*, for the plaintiff.

SHELDON, J. If we assume that Charles Paul was or could be found to be entrusted by the defendant with and exercising superintendence and having that for his sole or principal duty, or at least to be a person acting as superintendent with the authority and consent of the defendant in the absence of the regular superintendent, within the meaning of R. L. c. 106, § 71, cl. 2, now contained in St. 1909, c. 514, § 127, cl. 2, we are yet of opinion that the plaintiff was not entitled to maintain his action, upon his contention (which was the only ground submitted to the jury) that his injury was due to the negligence of Paul.

His injury was due to the fact that his clothes caught fire by reason of the heat radiating from a pot or crucible of molten brass, which under the order of Paul he was assisting another man to lift and empty. He had just before done the same thing with another like crucible; and it could be found that the previous exposure of his garments to the great heat (some two thousand degrees Fahrenheit) radiating therefrom rendered it more dangerous to subject them again to the same ordeal, and that for this reason it was customary that the same man should not lift and carry two such pots or crucibles in succession. But the effects of exposure to excessive temperatures are within the common knowledge of mankind. No grown man of ordinary intelligence could be heard to say, for example, that he was ignorant of the result of putting a slice of beef upon a gridiron immediately over an aperture in the top of a heated range, or of placing a combustible substance in close proximity to any matter heated to such a temperature as is here in question. And it is equally a matter of common knowledge that the

effect of additional exposures immediately succeeding each other will much enhance the result thereof in parching, burning and setting on fire any combustible substance thus exposed. In this very case, the judge correctly ruled that the plaintiff must be taken to have appreciated and assumed the risk of his clothes taking fire from handling such a crucible. But he allowed the jury to find that there was such an added, increased danger in lifting a second crucible as to constitute a separate and distinct danger, which the plaintiff could not reasonably foresee under the circumstances, but which one charged with the duty of superintendence ought to have foreseen. But all the evidence was that it was no uncommon thing for the men to become burned in handling these crucibles; and we can see no ground for saying that (to use arbitrary figures) a workman must be deemed to appreciate and assume the risk of exposure to the enormous heat for five minutes, but that an exposure to the same heat for double that time involved a danger which was of a distinct character, which was not obvious and which he properly might require to have explained to him. Each risk is of the same character; it is no more necessary to give warning against the one than against the other. The case comes within the same principles that were applied in *Cunningham* v. *Blake & Knowles Steam Pump Works,* 208 Mass. 68, 70; *Boisvert* v. *Ward,* 199 Mass. 594; and *Whalen* v. *Rosnosky,* 195 Mass. 545. Indeed the plaintiff did not testify, nor do we find any other evidence tending to show, that he did not appreciate the danger of a further exposure to heat from a second crucible as well as that of the first exposure.

The plaintiff testified that while he and another were holding up the second crucible to knock off clinkers from its bottom, his clothes began to smoke, and he said, "I am burning," but that Paul answered, "Never mind, hold up." He testified also that Paul, as soon as he saw the fire, told the plaintiff to let it down. This first mentioned order cannot be said to have been negligently given. McHugh, a witness for the plaintiff, testified, and it appears to have been undisputed, that to put down the crucible with clinkers on the bottom would have been more dangerous than to hold it up, from the risk of its turning over and causing an explosion; that the clinkers must be knocked off before it could be set down.

We find no evidence of negligence for which the defendant was responsible; and the order must be

*Exceptions sustained.*