JAMES KELLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Norfolk.     March 14, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability.

An employee of a street railway company, who had had twenty-three years' experience as a lineman, was directed by his superintendent to take down from a pole at one side of a street a side feed span, which was a wire stretched across the street between two poles, and for that purpose mounted a ladder, which had been adjusted and fastened by a fellow servant, without doing anything himself to make the ladder secure. He began to adjust a hand line from the wire to the pole to take up the slack which would be caused by his loosening the side feed span from the pole, when his superintendent directed him not to fasten the hand line to the pole but to throw it over the feed wire to the ground for a fellow servant to hold it taut. Having done so, he was engaged in loosening the insulator which held the side feed span when it became loosened unexpectedly, the pole, relieved of its restraint, sprang back and the ladder and the lineman fell. In an action by the lineman against his employer for injuries thus sustained, it was *held,* that there was no evidence that the method which the superintendent directed the plaintiff to use was improper or involved any dangers known to the superintendent and not to the plaintiff, that it was not the duty of the superintendent to warn the lineman of so obvious a risk, and that the superintendent therefore was not negligent.

DE COURCY, J.   The plaintiff, a lineman with twenty-three years' experience, was directed by his foreman to take down a side feed span, which was a copper wire stretched across the street between two poles.   In order to take up the slack in the feed span, the plaintiff, after mounting the ladder, tied one end of a hand line to the wire and was tying the other end around the pole, when the foreman told him to throw it up over the feed wire and to the ground, where another man would hold it.   He then proceeded to unscrew the Brooklyn insulator, which also served to hold the wire to the pole and to keep it taut; and while doing so this separated sooner than he expected.   The result was that the plaintiff and the ladder fell to the ground by reason of the springing back of the pole, which followed the severance of the wire that connected the poles.

The plaintiff bases his action on the alleged negligence of the foreman, who was a statutory superintendent.   But the evidence discloses nothing more than a failure to warn an experienced lineman of the usual risks attendant upon the work that he was doing.   The ladder and ropes furnished by the defendant were proper appliances and in good condition.   The adjustment and fastening of the ladder to the pole was the duty of a fellow servant, and the plaintiff did nothing to make it secure for the work he was about to do.   It does not appear that the method of taking up the slack of the wire as directed by the foreman was unusual or improper, or involved any dangers known to him and not to the plaintiff.   In fact it is quite apparent that the failure of the man on the ground, one Knollin, to pull down on the hand line and so lessen the jar of the pole, was due chiefly to the plaintiff's own failure to signal to Knollin when to pull upon the wire.   The dangers involved in the work on which the plaintiff was engaged would come from the slipping of the ladder and from the jar and jerk of the pole when the side feed span should be released from the Brooklyn insulator.   The plaintiff admittedly knew that this was something to be guarded against.   Under the circumstances the superintendent rightly could assume that it was not his duty to warn or instruct a competent and experienced lineman as to dangers that were obviously connected with his work, and that the plaintiff would do what was necessary to provide for his own safety.   As no negligent failure of

duty by the superintendent was shown, the trial judge * rightly directed a verdict for the defendant.    *Pembroke* v. *Cambridge Electric Light Co.* 197 Mass. 477.    *Lanoue* v. *Nelson,* 202 Mass. 554.    *Healy* v. *Gilchrist Co.* 205 Mass. 393.

*Exceptions overruled.*

*C. W. Bond,* (*H. E. Perkins* with him,) for the plaintiff.
*L. E. Flye,* for the defendant.