JAMES C. GENEROUS *vs.* WILLIAM W. HOSMER.

Hampden.    September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Agency,* Existence of relation.    *Negligence,* Employer's liability.

At the trial of an action for personal injuries, an issue was, whether the plaintiff when injured was in the employ of the defendant, and there was evidence tending to show that the plaintiff was in the general employ of a contractor and builder, who had been doing some work on a building of the defendant, that, just previous to the time of his injury, the plaintiff had been at work for the contractor elsewhere than on the defendant's building, that in consequence of a conversation of the defendant with the contractor, the defendant procured the plaintiff to come to his building to assist in unloading some plate glass which he had purchased, that the contractor had nothing to do with the purchasing and setting of the glass, and that the defendant took charge of and directed the work. It appeared that the plaintiff was paid by the contractor. *Held,* that there was evidence for the jury from which a finding was warranted that the plaintiff while performing the work in question was subject to the direction and control of the defendant, and therefore was employed by him.

At the trial of an action for personal injuries caused by the falling upon the plaintiff of a large box containing plate glass which the defendant had bought and which, under the defendant's direction, the plaintiff and others were assisting to unload from an express wagon, there was evidence tending to show that the plaintiff was a carpenter in the general employ of a contractor and builder, and that while assisting the defendant he was in the defendant's employ, that he was not accustomed to unload glass and objected to having anything to do with the work when asked by the defendant to help him; that the defendant had ordered from an express company from whose wagon the glass was being unloaded sufficient men and appliances for the work, but that, when the wagon arrived, there were not sufficient men or appliances, and that the defendant, although previously told what was necessary, went ahead with the work, per-

sonally directing and assisting, without waiting for needed men and appliances. *Held*, that there was evidence warranting findings that the plaintiff was in the exercise of due care and that the defendant was negligent; *and also* that the plaintiff had not as a matter of law assumed the risk of the injury.

MORTON, J. This is an action of tort to recover damages for personal injuries received by the plaintiff in consequence, as alleged, of the defendant's negligently suffering "a large and heavy plate glass encased in a wooden box to fall upon the leg and foot of the plaintiff." Specifications were filed by the plaintiff alleging that the defendant did not furnish suitable instrumentalities and appliances for safely unloading the box, and did not properly manage the instrumentalities and appliances furnished in that he manipulated certain guy ropes in such a manner as to allow the box to fall and injure the plaintiff. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge * to give certain rulings requested.

The accident occurred while the plaintiff and the defendant and a man by the name of Babb and another by the name of Loomis and an expressman were unloading the box at a block belonging to the defendant where the glass was to be set. The defendant was under no duty to the plaintiff to furnish suitable instrumentalities and appliances for unloading the box unless the relation of master and servant existed between him and the plaintiff. And the first question is whether there was evidence warranting a finding that such relation existed. We are of opinion that there was. The plaintiff was in the general employ of one Green, a contractor and builder, under whom he had been working on the block which the defendant was repairing and changing and in the front of which the glass was to be set. The plaintiff was not at work on the block at the time of the accident, but in another place from which, pursuant, as could be found, to a previous conversation of the defendant over the telephone with Green, the defendant procured the plaintiff and a fellow workman to come to the block to assist him in unloading the glass. The defendant bought the glass and arranged with the expressman for its delivery at the block, and there was nothing to show, or at least there was evidence warranting a finding that there was nothing to show

---

* *Hall*, J.

that Green had anything to do with the purchase of the glass or with the setting of it either as a part of the work of repairing and changing the block or otherwise. There was testimony from the plaintiff and others, that the defendant took charge of and directed the manner in which the box should be unloaded, and from this and other evidence it could be found that for the time being the relation between the defendant and the plaintiff was that of master and servant. There was evidence of a contrary nature. According to the testimony of the defendant, the plaintiff himself directed and controlled the manner in which the box was unloaded, and it was due to what he did or directed to be done that the accident happened. But the question just what was the relation between the plaintiff and the defendant, was, we think, one for the jury under suitable instructions, and, except for the refusal to give the rulings requested, no fault is found with the instructions that were given. The fact that the plaintiff was paid by Green and not by the defendant for the time occupied in unloading the box is not conclusive on the question whether the relation of master and servant did or did not exist between the defendant and the plaintiff. It is one circumstance to be considered, but the test ordinarily is one of direction and control. *Shepard* v. *Jacobs,* 204 Mass. 110. *Berry* v. *New York Central & Hudson River Railroad,* 202 Mass. 197.

We are also of opinion that there was evidence warranting a finding that the plaintiff was in the exercise of due care and that it could not be ruled as matter of law that he assumed the risk or that the defendant was not negligent.

The plaintiff was a carpenter and was not accustomed to unload glass and objected to having anything to do with unloading the box when asked by the defendant to help him. He cannot be said to have been wanting in due care because he undertook to assist the defendant in unloading the box. There was nothing dangerous *per se* in work of that nature; and being, as there was evidence tending to show that he was, under the supervision and control of the defendant, he naturally would expect to be governed by his directions even though they might not in all respects commend themselves to his own judgment. In addition to that he would have a right to rely to some extent at least upon his superior. To what extent he could properly do

so it would be for the jury to say, and it could not therefore have been ruled as matter of law that he was wanting in due care, or that he assumed the risk. *Sanders* v. *New York Central & Hudson River Railroad*, 212 Mass. 269. He could not be held as matter of law to have assumed the risk or to have been wanting in due care by continuing to assist under the direction of the defendant, in co-operation with others who were there, in unloading the box with such appliances as were there. Whether he was or was not in the exercise of due care and assumed the risk in helping to unload the box with the appliances that were there and with the number of men who were there, and in the manner directed by the defendant, if the defendant did direct, was for the jury.

Neither could it be ruled as matter of law that there was no evidence of negligence on the part of the defendant. The jury could have found, and for aught that appears they did find, that the appliances furnished by the defendant were insufficient and also that there were not men enough. There was evidence tending to show that the defendant ordered of the express company two extra men with planks and rollers to accompany the wagon containing the box and that they were not with it when it came, and that the defendant proceeded to unload the box without them. There was also evidence tending to show that he had been told by Mr. Green that it "would take six good men" to unload the glass; that there were no braces there to keep the box upright; that the method which was used of keeping it upright with ropes or guys was insecure; and that Barr should not have been directed, as there was evidence tending to show that he was by the defendant, to leave the place where he was at the rear end of the glass. From this and other evidence the jury were well warranted in finding that the defendant was negligent.

It follows from what we have said that the rulings requested were rightly refused.

*Exceptions overruled.*

The case was submitted on briefs.

*F. W. Burke & F. A. Ballou,* for the defendant.

*R. J. Morrissey & J. L. Gray,* for the plaintiff.