JOSEPH BERNABEO vs. FREDERICK R. KAULBACK, administrator.

Middlesex. December 6, 1916. — February 28, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Employer's liability.

If a proprietor of greenhouses and of certain buildings, through his servants or agents, orders a workman who has been in his employ for seven or eight years as a laborer, as a worker about a greenhouse and as a handy man, to assist in putting into place one of the heavy sections of the roof of a barn that has been moved from another place, and if such workman in obedience to the order of his employer's superintendent takes a position on a wooden joist three by five inches and at a given signal, when other men are to push from below, he is told to "pull from the top," and in doing this he is thrown backward and is injured, and if this is not a proper method of placing a roof upon such a building and it does not appear that the injured workman ever had been called upon to do this sort of work before or that anything was said about such work when he was employed, in an action brought by him against his employer for his injuries thus sustained, the question whether his injuries were caused by the negligence of some of those for whom the defendant was responsible is for the jury.

The plaintiff in the action described above having received his injuries after the workmen's compensation act took effect and the defendant not having been a subscriber under the act, the defendant under St. 1911, c. 751, Part I, § 1, could not set up the defence that the plaintiff was negligent or that the injury was caused by the negligence of a fellow employee or that the plaintiff had assumed the risk of the injury.

In the same case it was *pointed out* that the plaintiff's injury did not arise from a danger which he was employed to incur so that the defendant owed him no duty to protect him from it, as in *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65.

TORT against the administrator of the estate of Edwin D. Kaulback, late of Malden, who was a proprietor of greenhouses and of certain buildings in that city, for personal injuries sustained on November 22, 1913, while the plaintiff was in the employ of the defendant's intestate and had been set at work by the intestate's servants to assist in putting up the sections of the roof of a barn that had been moved from another place. Writ dated February 12, 1915.

In the Superior Court the case was tried before *Stevens*, J. It was contended on behalf of the plaintiff that he understood and spoke very little English, and he was examined through an in-

terpreter. He testified that he was a laborer; that he had been working for the defendant for seven or eight years at all kinds of laboring; that he worked in the garden; that he took care of the greenhouse; that he was fireman in the greenhouse; that he drove a team; that he was a general handy man and that he received as wages $2 a day. The plaintiff further testified that he went to work on the day of the accident at seven o'clock in the morning and that he was hurt at about eight o'clock that morning. Other evidence is described in the opinion.

At the close of the evidence the defendant asked the judge to order a verdict for him. The judge refused to do this, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,950. The defendant alleged exceptions.

*H. D. McLellan,* (*W. C. Hodgdon* with him,) for the defendant.

*M. F. Cunningham,* (*J. A. Pagum* with him,) for the plaintiff.

RUGG, C. J. This is an action of tort to recover for personal injuries received through the negligence of servants and agents of the defendant's intestate by the plaintiff in the course of his employment by the defendant's intestate, hereafter referred to as the defendant.

The plaintiff was a laborer and had been at work about a greenhouse and as general handy man for the defendant for seven or eight years. At the time of his injury he was engaged with several other men in setting up in sections a small barn which had been removed from another place. The body of the barn, which was between twenty-four and twenty-eight feet long and sixteen feet wide, had been put in place. The roof was cut into four sections, each sixteen feet one way by six or seven feet the other way. Two of these roof sections had been put in place under the general direction of a man named Simonds. Then the defendant's son assumed superintendence of the work. Pursuant to a direction from him the plaintiff took a position on a three by five wooden joist, which was a part of the rear wall of the barn, and reported that the third section of the roof must be moved about two inches to be in its proper place. The plaintiff was told that he must "pull from the top" and that the others would push from underneath. The other men standing underneath or inside where they could lift and push on that section of the roof, the order, "you push this way and you lift up" was given, and at a signal each began

to do his part. The plaintiff bent over and lifted the section of roof and the other men lifted and pushed in an effort to get the section in place. As a result the plaintiff was thrown backward and injured. There was testimony from an experienced builder that this was not a proper method of replacing a roof upon such a building. It did not appear that the plaintiff ever had been called on to do this sort of work before, or that anything was said about such work when he was employed.

Since the plaintiff was injured after the workmen's compensation act took effect, and since the defendant was not a subscriber under that act, it is not a defence to this action that the plaintiff was negligent or that his injury was caused by the negligence of a fellow employee. St. 1911, c. 751, Part I, § 1. The plaintiff is entitled to recover if he can trace his injury to the negligence of his employer or that of any of his fellow servants acting within the scope of his employment as a proximate cause. The plaintiff was not experienced in this kind of work. He was an ordinary laborer. He was unskilled in meeting the dangers which confront one engaged in building construction even of a simple type. He may not have appreciated the hazard of standing upon a narrow foot-hold while putting forth his whole strength in combination with numerous other men to move a heavy and cumbersome object where a loss of balance, due either to his own exertion or the sudden or slightly unexpected movement of the section of the roof, might be fraught with serious consequences. It may be that such a man ought not to have been put at work in such a place, at least not without some warning to exercise special precaution. *Generous* v. *Hosmer*, 216 Mass. 26. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322. *O'Toole* v. *Pruyn*, 201 Mass. 126. Under these circumstances the question, whether the plaintiff's injury resulted from the negligence of some of those for whom the defendant is responsible under the law, rightly was left to the jury.

The case is distinguishable from cases like *Healy* v. *Gilchrist Co.* 205 Mass. 393, where the danger is so obvious to the person of average intelligence that no reasonably prudent man would think any warning necessary, and also from cases like *MacLellan* v. *Boston Elevated Railway*, 221 Mass. 20, where the whole subject of looking out for himself under changing conditions is left to the employee. Of course it is true, as was said in *Walsh* v. *Turner*

*Centre Dairying Association,* 223 Mass. 386. that the workmen's compensation act does not enlarge the employer's duty nor transform into negligence conduct theretofore involving no liability. But the present case, although close to the line, falls into the well recognized class where the employer's servants or agents may have been found to have been negligent.

.There was no assumption of risk by the plaintiff such as to bar him from recovery as the law now is. Assumption of risk has been abolished as a defence by the workmen's compensation act for such employers as are not subscribers and not excepted from its operation. This is not one of the cases where no duty rested upon the defendant in regard to the cause of the injury, such as was *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65. That case decided simply that there could be no recovery for injuries arising from a cause as to which the employer owed no duty to the employee. "Negligence consists in doing or omitting to do an act in violation of a legal duty or obligation." *Minor* v. *Sharon,* 112 Mass. 477, 487. It is a breach of some duty which one ought to perform. There can be no negligence when there is no duty. That is a well settled principle of the law of torts which was applicable to the facts of the Ashton case. That decision did not narrow in any respect the scope of the workmen's compensation act, which, as has been held repeatedly by this court, is remedial legislation to be given a broad construction in accordance with its manifest purpose. That case has no bearing upon the facts in the case at bar.

*Exceptions overruled.*