HASSAN MAMMOTT *vs.* WORCESTER CONSOLIDATED STREET RAIL-
WAY COMPANY.

Worcester.    October 2, 1917. — October 20, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* In disposal of ashes. *Proximate Cause.*

In an action against a street railway corporation, which was not a subscriber under the workmen's compensation act, by a workman employed by the defendant to pull out ashes from under the boilers in its power house, load them into a wheelbarrow or truck and empty them into an ash pit usually partly filled with water, for injury to one of the plaintiff's eyes from the hot ashes splashing up with steam and heat after the plaintiff had tipped a load of ashes into the pit, it appeared that the plaintiff had been engaged in this work for more than a year and that the same method of disposing of the ashes had been in use during the whole of that time, and there was no contention that this method was not proper and usual, and it was *held,* that there was no evidence of negligence on the part of the defendant.

In the same case it appeared that there was a water pipe under the boilers from which little streams of water trickled out. One witness testified that this was to wet the ashes and that, if the ashes stayed there long enough, they became cool. Another witness testified that this water was "to keep the clinker bar cool." The plaintiff testified that at the time of the accident this water had stopped coming down, and that sometimes the water did not come down when there was a fire. *Held,* that on all the testimony it could not have been found that the failure to cool the ashes with water was negligence of the defendant directly causing the plaintiff's injury.

TORT for personal injuries sustained on November 14, 1913, by the burning of one of the plaintiff's eyes when the plaintiff was employed by the defendant to remove the ashes from under the boilers of the defendant's power house at Millbury and to dump them into a pit maintained by the defendant for that purpose. Writ dated March 26, 1915.

In the Superior Court the case was tried before *Keating,* J. The evidence is described in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant, and, at the request of the parties, reported the case for determination by this court. If the ordering of the verdict was right, judgment was to be entered for the defendant. If the judge was in error in ordering a verdict for the defendant, judgment was to be entered for the plaintiff in the sum of $325.

The case was submitted on briefs.

*E. A. Ryan, J. F. Ryan & G. McInerny,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

RUGG, C. J. The plaintiff was in the employ of the defendant at its power house. His work was to pull the ashes out from under the boilers, load them into a wheelbarrow or truck, take them to a pit and tip them into the pit, which commonly was partially filled with water. He had been thus engaged for more than a year. He had always found the ashes hot or "red hot," and sometimes pieces of coal or "big chunks of coal" came down with the ashes "always hot." On the occasion here in question, as he tipped the ashes into the pit, to quote his testimony, "the water flashed up with steam and heat . . . the ashes flared up right into his face and burned his eye: the ashes were red hot." The plaintiff "moved hot ashes into the pit at other times, at which times they flashed up the same as they had before into his eye. Sometimes the ashes didn't have a chance to cool."

The defendant was not a subscriber under the workmen's compensation act. The only question is whether there was evidence of negligence of the defendant.

The workmen's compensation act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from that statute would impose no liability upon him. Negligence is a breach of some legal obligation, imposing the performance or omission of particular conduct. There can be no negligence where there is no duty. *Walsh* v. *Turner Centre Dairying Association,* 223 Mass. 386. *Bernabeo* v. *Kaulback,* 226 Mass. 128.

There is no evidence of negligence on the part of the defendant. There is no suggestion that this method of disposal of ashes was not proper and usual. It had been followed during the entire period of the plaintiff's employment. He appears to have been fully aware of all the ordinary incidents of his work, including the matter of common knowledge that when a body is thrown into water there is liable to be a splash. No warning was required. *Whalen* v. *Rosnosky,* 195 Mass. 545. *Sakas* v. *Lumsden & Van Stone Co.* 214 Mass. 429.

Coal was fed to the boilers by a stoker, and there was a water pipe under the boilers from which, according to one witness, "little streams of water trickle out . . . to wet and dampen the ashes and, if the ashes stay there long enough, they become cool." According to another witness this water was "to keep the clinker bar cool." There was testimony by the plaintiff that at the time of the accident this "water stopped to come down. . . . Sometimes the water did not come down when there was a fire." On all the testimony it could not have been found that the failure to cool the ashes with water constituted negligence of the defendant having a causal connection with the injury. *Archer* v. *Eldredge,* 204 Mass. 323.

*Exceptions overruled.*