MICHAEL WINSTON *vs.* CONVERSE RUBBER SHOE
COMPANY.

Middlesex.   March 26, 1918. — May 29, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability.  *Evidence,* Opinion: experts.

In an action by a workman for personal injuries sustained, before the workmen's
compensation act took effect, when the plaintiff was in the employ of the de-
fendant and with other employees of the defendant was engaged in moving a
hot water heater over a concrete floor in the defendant's factory, by reason of
one of the legs of the heater coming out from the groove in which it was fitted,
and causing the heater to fall on the plaintiff, it appeared that the heater was
five feet in height and about two feet in diameter and weighed about nine hun-
dred pounds, that it was supported on three iron legs twelve or fifteen inches
high, which were attached to the heater by fitting into grooves on its under side
in the manner that legs ordinarily are attached to a kitchen stove, that the plain-
tiff never had had any experience in moving heaters or stoves, that he came to
this country from Ireland and went to work for the defendant the month after
that of his arrival, that at his home in his native country there were no stoves,
fireplaces being used for heating, that before the accident he never had seen the
legs of a heater and did not know how they were fastened.  He testified that
they "appeared to be all one casting."  Another employee of the defendant
testified that it appeared to him as if the legs of the heater were all one casting
and that he did not discover that the legs were attached by grooves until after
the accident.  *Held,* that upon this evidence it could not have been ruled as
matter of law that the danger connected with the work was so obvious that the
plaintiff assumed the risk of injury and that, whether he was in the exercise of
due care and whether he assumed the risk, were questions of fact for the jury.
In the case above described a man of experience in handling heaters, called by the
plaintiff as a witness, testified as an expert, subject to the defendant's exception,
that the method adopted in moving the heater was improper, and that a proper
method would have been to remove the legs first and then by means of rollers
and skids to slide or roll the heater along the floor.  *Held,* that it could not be
said that the proper way to do the work was so familiar to men of ordinary in-
telligence and understanding that expert testimony would not be instructive,
and that the evidence was competent.
In the same case it also was *held* that on the evidence above described the question,
whether the defendant was negligent in the method adopted in doing the work
and in failing to warn the plaintiff of the serious consequences that might follow
if the legs suddenly were pulled away from the heater or slipped out of the
grooves, was one of fact for the jury.

TORT by a workman for personal injuries sustained in the de-
fendant's employ between ten and eleven o'clock on the morning

of Sunday, August 6, 1911, by the falling over on the plaintiff of a hot water heater, which is described in the opinion, when it was being moved a distance of ten or twelve feet over a concrete floor in the boiler room of the defendant's factory at Malden. Writ dated September 15, 1911.

In the Superior Court the case was tried before *Lawton*, J. At the trial the plaintiff elected to rely on the fourth count of his declaration, which was at common law as follows: "And the plaintiff says that on or about August 6, 1911, he was employed by the defendant in its factory at Malden in the county of Middlesex; that while so employed, and in the exercise of due care, he received personal injuries through the negligence and carelessness of the defendant and its agents and servants, and was permanently and incurably disabled." There was another paragraph which related solely to the extent of the plaintiff's injuries.

The plaintiff's evidence is described in the opinion. At the end of the plaintiff's evidence the defendant rested and moved that a verdict be ordered for it. The judge denied the motion and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,500, of which the plaintiff afterwards remitted the amount of $500, leaving the verdict in the sum of $1,000. The defendant alleged exceptions.

*C. S. Knowles*, for the defendant.

*J. A. Pagum*, for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries received by the plaintiff while in the defendant's employ. He elected to rely on the fourth count of his declaration, which sets forth a cause of action at common law.

The accident occurred while the plaintiff and three other employees of the defendant were moving a hot water heater over a concrete floor in the defendant's factory on August 6, 1911. As the plaintiff was injured before the workmen's compensation act (St. 1911, c. 751) went into effect, its provisions are not applicable.

The heater, which was cylindrical in shape, was set on three iron legs, twelve or fifteen inches high, which were attached to the heater by grooves or sockets on the under side, similar to the manner legs ordinarily are attached to a kitchen stove; it was about two feet in diameter and five feet in height, and weighed about nine hundred pounds. The plaintiff and another workman were

in front of the heater lifting and pulling it along, and two other workmen on the opposite side lifted and pushed it. While so engaged, one of the legs came out and the heater fell on the plaintiff causing the injuries complained of.

A witness of experience in handling heaters, called by the plaintiff, testified as an expert, subject to the defendant's exception, that the method adopted in moving the heater was improper, that a proper method would have been to remove the legs first, and by means of rollers and skids to slide or roll it along the floor. We cannot say that the proper way to do the work was so familiar to men of ordinary intelligence and understanding that expert testimony would not be instructive. The evidence was competent and the exception taken to its admission must be overruled.

The plaintiff was a laborer, who came from Ireland to this country in April, 1911, and went to work for the defendant the following May. He had been employed round the yard for about a week before the accident. It appeared that he never had any experience in moving heaters or stoves, and that in his home in his native country there were no stoves, but that fireplaces were used. Before the accident he had never seen the legs of a heater and did not know how they were fastened; he testified that they "appeared to be all one casting." A stationary fireman in the defendant's employ also testified that it appeared to him as if the legs of the heater were all one casting and that he did not discover that the legs were attached by grooves or sockets until after the accident. Upon this evidence it could not properly have been ruled that the danger connected with the work was so obvious that the plaintiff assumed the risk of injury. He was an ordinary laborer without experience in the work of moving heaters, and if he did not know the manner in which the legs were attached it could have been found that he had no reason to anticipate they would become unfastened. Whether he was in the exercise of due care and whether he assumed the risk, were questions of fact for the jury. Whether the defendant was negligent in the method adopted in doing the work and in failing to warn the plaintiff of the serious consequences that might follow if the legs were suddenly pulled away from the heater, was also a question of fact for the jury.

The work in which the plaintiff was engaged was different from that of moving an ordinary stove; and the case is not like those

·where the danger is so obvious that no warning is required, as in *Healy* v. *Gilchrist Co.* 205 Mass. 393, and *MacLellan* v. *Boston Elevated Railway*, 221 Mass. 20. The case of *Cunningham* v. *Atlas Tack Co.* 187 Mass. 51, is not an authority in favor of the defendant's contention.

It could not be ruled as matter of law that there was no negligence on the part of the defendant, or that the plaintiff could not recover. *Gettins* v. *Kelley*, 212 Mass. 171. *Sanders* v. *New York Central & Hudson River Railroad*, 212 Mass. 269. *Generous* v. *Hosmer*, 216 Mass. 26. *Maddox* v. *Ballard*, 218 Mass. 55. *Bernabeo* v. *Kaulback*, 226 Mass. 128.

*Exceptions overruled.*