MICHAEL PAWLOWICZ *vs.* EASTERN STEAMSHIP LINES,
INCORPORATED.

Suffolk.      November 20, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Negligence,* Employer's liability.

In an action by a laborer in the employ of a steamship company, not a subscriber
under the workmen's compensation act, for personal injuries alleged to have
been caused by a bolt protruding above the flooring of a runway leading to a
wharf from a ship from which the plaintiff was assisting to unload wool, there
was evidence that, at the place where the bolt protruded, there ordinarily was
a strip of wood used by employees running trucks over the runway to brake
the trucks, that on the day of the accident the plaintiff had gone up the runway,
and that, although the strip of wood was not then there, he had not noticed its
absence, that, when he came down with a loaded truck behind him and tried
to brake the truck, he was unable to do so because of the absence of the strip of
wood and he lost control of the truck, which compelled him to continue down-
ward rapidly, and that the truck struck the protruding bolt and its handle
swung around and broke the plaintiff's leg. *Held,* that it could not be said as a
matter of law that the plaintiff had assumed the risk of the injury; and that a
finding that the defendant was negligent was warranted.

TORT for personal injuries received by the plaintiff on May 6,
1918, while in the employ of the defendant, who was not a sub-
scriber under the workmen's compensation act. Writ dated July
30, 1918.

In the Superior Court the action was tried before *White,* J.
Material evidence is described in the opinion. At the close of the
evidence by order of the judge a verdict was entered for the de-
fendant and by agreement of counsel the case was reported to this
court for determination, judgment to be entered on the verdict if
the ruling of the judge was right, and, if the case should have been
submitted to the jury, judgment to be entered for the plaintiff
in the sum of $800.

*J. F. Daly,* for the plaintiff.

*C. C. Barton, Jr.,* for the defendant.

PIERCE, J. This is an action of tort to recover for personal
injuries received by the plaintiff on May 6, 1918, while in the
employment of the defendant. The defendant concedes it was not

a subscriber under the workmen's compensation act.  St. 1911, c. 751, and amendments thereto.  It follows that the only question involved is the negligence of the defendant, its agents and servants.

At the close of the evidence, on motion of the defendant's counsel, a verdict was ordered for the defendant and the case was reported to this court under the following stipulation: "if . . . [the] ruling and direction was right, then judgment is to be entered for the defendant on the verdict; if the case ought to have been submitted to the jury, then judgment is to be entered for the plaintiff, and damages assessed in the sum of $800."

The reported testimony in its aspect most favorable to the plaintiff's contention warranted the jury in finding the following facts: The plaintiff had been in the employ of the defendant as a laborer, "shifting things and carrying things" upon trucks, for four and one half years.  On the morning of the accident he had worked around the dock of Union Wharf until about nine o'clock; he was then ordered to India Wharf to unload wool from a ship. He went on the ship over a "little bridge" made of wood, about twenty feet long by eight feet wide, with the high end on the ship. The bridge had on either side a wooden rail "two and three fourths inches wide and five inches above the staging," "bolted from the top right down in the plank."  On the day of the accident these rails were used as brakes part of the time. Before, but not on the day of the accident, there were "strips . . . placed on the stage so that when the water was high and the ship raised above the dock the wheels of the truck could be run against these strips which would act as a brake and prevent the truck going down too fast." Unknown to the plaintiff, at the time of the accident a bolt or screw stuck up an inch above the floor of the staging in the centre at a place covered by the strip or brake when in use; "whoever made that stage put the screw in."  When the plaintiff went on board the ship the strip or brake was not on the staging on the side on which he went up, but "he did not pay any attention to the condition of the bridge."  Once on board, he went into the steamer, got a bale of wool, placed it on a truck and came out on to the platform pulling the truck.  He started down the bridge, saw the strip or brake was not there, and tried to turn the wheel against the side rail.  His effort failed because the weight of the loaded truck was so

heavy it "pulled . . . [him] to run," and he could not turn back to the ship. The wheel of the truck struck against the bolt, or screw, left uncovered by the removal of the strip or brake, the truck thereupon jumped and its iron handle hit and broke the leg of the plaintiff.

Under the circumstances disclosed by the evidence, the presence of the bolt or screw and its projection of an inch above the floor of the inclined platform were not such an obvious danger attendant upon the use of the platform as relieved the defendant from the duty and legal obligation to make the use of the floor reasonably safe for the passage of loaded trucks. The case is governed by *Bernabeo* v. *Kaulback*, 226 Mass. 128; and is distinguishable from *Walsh* v. *Turner Centre Dairying Association*, 223 Mass. 386.

The case should have been submitted to the jury. It follows, in accordance with the terms of the report, that "judgment is to be entered for the plaintiff, and damages assessed in the sum of $800." And it is

*So ordered.*