ISAAC BRESKIN *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   March 21, 1927. — June 30, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Employer's liability: duty to warn.   *Evidence,* Presumptions and burden of proof, Matter of conjecture, Materiality.

Where, at the trial of an action of tort for personal injuries received by an employee of a railroad corporation, not a subscriber under the workmen's compensation act, when he was struck on the head by a lump of coal while operating a "coal bottle" on a carrier from a hopper to stoke bins, there was no evidence to show whence the lump of coal came nor what caused it to strike the plaintiff, and the trial judge ruled, without objection, that the doctrine *res ipsa loquitur* had no application, a motion by the defendant that a verdict be ordered in its favor should have been granted.

At the trial above described, there was evidence that the plaintiff on the day before the accident was set at the work at which he was injured. There was no evidence that he lacked ordinary intelligence.   He was shown what to do by the head fireman of the boiler room, who went through the operations before him.   Everything was open to the

observation of any one.   The plaintiff's duty was to operate by means of an endless chain and truck a "coal bottle," a cast iron cylinder about six or seven feet high and thirty inches in diameter, which hung between rails running from under the hopper to the furnaces.   The bottle carried to the stoke bins coal which had been placed in the hopper.   No lumps of coal had been observed in the hopper or in the boiler room. When hired, the plaintiff was assured by the head fireman as to the operation, "It is fine ashes.   It is nothing, it is not dangerous, it is like fine ashes, blows out and that is all." *Held*, that

(1) Any danger that existed being obvious, there was no evidence warranting a finding that the defendant was under any duty to warn the plaintiff of any danger incident to his work;

(2) The remark by the head fireman was immaterial.

TORT for personal injuries received by the plaintiff while in the employ of the defendant, which was not a subscriber under the workmen's compensation act.   Writ dated September 18, 1923.

In the Superior Court, the action was tried before *Raymond*, J.   Material evidence and rulings by the judge are stated in the opinion.   The judge denied a motion by the defendant for a verdict in its favor.   There was a verdict for the plaintiff in the sum of $750.   The defendant alleged exceptions.

*A. W. Rockwood*, for the defendant.

*T. H. Mahony & H. E. Ehrlich*, for the plaintiff, submitted a brief.

WAIT, J.   The defendant has waived all its exceptions except to the refusal to direct a verdict for the defendant. The question for our decision is, whether, upon all the evidence taken most favorably for the plaintiff, the jury could find the defendant liable.

The second count of the declaration was waived.   No question of negligence in regard to ways, works or machinery, therefore, arises.   The first and third counts were treated as presenting the single issue: whether there had been any failure by the employer to warn the employee of dangers incident to his employment; and involved, necessarily, whether, in the circumstances, any duty existed to warn the plaintiff against the mishap which occurred. There was evidence that the plaintiff was struck on the head by a lump of coal while at work in the boiler room of the

defendant's shops at Billerica. There was no evidence to show where the coal came from, nor what caused it to strike him. The trial judge ruled, without objection, that the doctrine *res ipsa loquitur* had no application. The cause of the accident was left a matter of conjecture. For this reason, the defendant was entitled to the verdict by direction for which it moved. *Morris* v. *Eastern Steamship Corp.* 221 Mass. 306. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6.

There was no sufficient evidence of any breach of duty in regard to warning the employee. Coal for the furnaces in the boiler room was brought in cars to the shops, unloaded into a crusher which reduced it to a fine powder, and stored in a hopper. It passed from the hopper to the stoking bins of the separate furnaces in a "coal bottle," a cast iron cylinder about six or seven feet high and thirty inches in diameter, which hung between the rails of a double track travelling from under the hopper to the furnaces. It held a ton of coal. The hopper end of the bottle was twenty-two feet above the floor of the room. It was the plaintiff's work to fill the bottle from the hopper, move it to the furnaces, and fill the stoke bins at the furnaces by letting the coal run out the lower orifice of the bottle. He placed the bottle under the hopper, opened a valve in the hopper by pulling a chain, watched the outflow of the powdered coal until the bottle was full, then closed the valve by pulling another chain, and moved the bottle along the railway to the appropriate furnace by pulling upon an endless chain which meshed in a wheel of the carrier truck on the rails. He then opened the mouth of the bottle by a lever and allowed the contents to flow into the stoke bin.

He was injured about 4 P.M. on Tuesday, May 8, 1923, and had been at this work since Monday morning without mishap. There was no evidence that he lacked ordinary intelligence. He was shown what to do by the head fireman of the boiler room, who went through these operations before him. He testified, subject to exception, that as he watched the filling from the hopper he asked "Isn't that

dangerous when it drops down?" and the fireman answered: "It is fine ashes. It is nothing, it is not dangerous, it is like fine ashes, blows out and that is all." This was denied by the fireman. It was immaterial. The evidence was uncontradicted that no lumps of coal had been observed in the hopper or about the boiler room. It did not appear where the plaintiff was with relation to the bottle or the hopper at the time of the accident. No connection is shown between the remark, if made, and the conduct of the plaintiff.

Everything was open to the observation of any one. There was no danger that was not obvious. No duty to warn arose in such circumstances. *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423, 424. *Mammott* v. *Worcester Consolidated Street Railway,* 228 Mass. 282, 284.

It follows that the exceptions must be sustained. Under G. L. c. 231, § 122, judgment is to enter for the defendant.

*So ordered.*