ELIZABETH A. SPEAR, administratrix, *vs.* CHELSEA BUILDING WRECKING CO., INC.

Plymouth.    January 7, 1941. — February 26, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Negligence,* Employer's liability: fellow servant; In piling pipe.

A finding was warranted of negligence rendering an employer, not insured under the workmen's compensation act, liable to an employee who, while standing on the ground assisting in loading pipes onto a truck of a third person, was struck and injured by a pipe which rolled from the load, where there was evidence that another employee on the truck piled the pipes up higher than the side of the truck body and no additional side boards had been used.

TORT. Writ in the District Court of Brockton dated January 21, 1938.

Upon removal to the Superior Court, there was a verdict for the plaintiff in the sum of $750 at the trial before *Williams,* J. The defendant alleged exceptions.

*D. Govenar,* for the defendant.

*J. J. Geogan,* for the plaintiff, submitted a brief.

Cox, J. This is an action of tort, brought in 1938 by Chester Spear, to recover damages for personal injuries. Thereafter, his death was suggested and his administratrix was admitted as party plaintiff. The defendant was not insured under the workmen's compensation act. G. L. (Ter. Ed.) c. 152. Accordingly, under the provisions of § 66 of said chapter, if the intestate was injured in the course of his employment by the defendant, it is no defence in an action to recover damages therefor that the intestate was negligent, or had assumed the risk of injury, or was injured by reason of the negligence of a fellow employee. In such case, the only question is whether there was any evidence

of negligence of the defendant or its servants or agents having causal connection with the injury to the intestate. *Mucha* v. *Northeastern Crushed Stone Co.* 307 Mass. 592, 593. The jury returned a verdict for the plaintiff, and the only exception is to the denial of the defendant's motion for a directed verdict. The only contention of the defendant is that there was no sufficient evidence of negligence to warrant the verdict. There was evidence that the intestate was in the employ of the defendant.

The jury could have found that on the day the intestate was injured the defendant's president and three employees, including the intestate, went to a yard in Cambridge, where the employees were told by the president to go to work and load a truck owned by one Mello. The sides of the truck extended up from the floor of the body one and one half feet. It was being loaded with secondhand waste iron pipe, about four inches in diameter and of various lengths. Mello and one of the employees were on the truck, and the other employee, Reardon, and the intestate were on the ground assisting in the loading. The employee on the truck was placing or piling the pipes which were passed to him and which were being loaded on top of some lumber at the bottom of the truck. The load was "pretty well up over the side of the truck two feet or better." As Reardon passed a pipe to Mello, another pipe, four feet in length, rolled off and struck the plaintiff, causing his injury. There was no evidence that anyone touched the pipe or moved it before it started to roll from the load. There was evidence that it was a common practice to insert sideboards on the truck when it was being loaded with pipes, but there were none on the truck in question. Following the accident, the intestate was taken to the hospital at the direction of the defendant's president.

We are of opinion that there was no error. It is true that the workmen's compensation act does not enlarge the employer's duty, nor transform into negligence conduct theretofore involving no liability. But the present case, upon the permissible findings, although somewhat close, falls into the class where negligence may be found. *Wheeler* v. *Wason*

*Manuf. Co.* 135 Mass. 294, 298, 299. *Mahoney* v. *New York & New England Railroad,* 160 Mass. 573, 579. *Gagnon* v. *Seaconnet Mills,* 165 Mass. 221, 225. *Winston* v. *Converse Rubber Shoe Co.* 230 Mass. 449, 451. *Sandon* v. *Kendall,* 233 Mass. 292, 295–296. See *Mungovan* v. *O'Keeffe,* 208 Mass. 304, 306. The facts that could be found distinguish the case from *Ridge* v. *Boston Elevated Railway,* 213 Mass. 460, *Breskin* v. *Boston & Maine Railroad,* 260 Mass. 414, and *Fraioli* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 450, upon which the defendant relies.

*Exceptions overruled.*