PATRICK KEANEY'S CASE.

Suffolk.    November 14, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Workmen's Compensation Act. Farmer. Words,* "Driver," "Helper," "Farm laborers."

A farmer carrying on a market garden may procure insurance under the workmen's compensation act covering his "drivers and helpers" employed in the distribution of the produce of the farm without insuring his other employees who are merely "farm laborers," and this is so whether or not such "drivers and helpers" are "farm laborers," which here was not decided.

An employee on a farm carried on as a market garden, who does the ordinary work of one hired by a farmer to aid in the common incidents of agricultural employment, is neither a "driver" nor a "helper" within the meaning of a policy of employers' liability insurance covering "drivers and helpers" employed in the distribution of the produce of the farm, although occasionally he has driven a team as a part of his farm work and in a general sense has helped about the farm.

The provision of the workmen's compensation act contained in St. 1911, c. 751, Part I, § 2, that the provisions of § 1, taking away certain defenses in an action for personal injuries by an employee, shall not apply to actions by farm laborers, includes the farm laborers of all farmers so far as concerns farming operations, whether the farmers carry on other business or not.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Pierce*, J. The material facts are stated in the opinion. The judge made a decree "that the findings of the Industrial Accident Board be approved, and that in accordance therewith a decree be entered that Patrick Keaney, being a farm laborer, and not being insured by his employer, Daniel L. Tappan, is not entitled to compensation under the workmen's compensation act." The employee, Patrick Keaney, appealed.

*T. F. Collins*, for the employee.

*J. M. Morrison*, for the insurer.

RUGG, C. J. This is a proceeding under the workmen's compensation act. The material facts as found by the Industrial Accident Board are these:

"The employer, Daniel L. Tappan, carried on a market garden in Arlington, Mass. At the time of the injury to Patrick Keaney, the employee, Tappan had in his employ four drivers and four helpers, who were engaged in the work of driving the produce of the farm to market and delivering it in the city of Boston. All of the driving and delivering was done by these four drivers and helpers. These men were employed the year round. When they were not engaged in the work of delivering the produce of the farm, they worked upon the farm, doing all kinds of farm work. In addition to these so called drivers and helpers, Tappan employed upon his farm certain men who were engaged exclusively in the work of farm labor and who did nothing in the way of driving or helping, on the teams engaged in delivering. Keaney, the injured man, was such a laborer, that is, he was engaged exclusively in

farm labor and had not been engaged at any time in the work of driving and helping to distribute the produce of the farm. At the time of the injury he was on the top of a load of hay, and hay was being gathered on Tappan's land for his own use and not for sale.

"Tappan procured a policy of insurance in the Employers' Liability Assurance Corporation, Ltd., insuring his 'drivers and helpers' on an estimated pay roll of $1,650 a year. As a matter of fact, the pay roll of his 'drivers and helpers' was more than $1,650 a year. The policy was issued on July 31, 1912. Shortly before this time the employer had been informed that he would be liable in case the 'drivers and helpers' were injured while engaged in the work for which they were hired.

"The employer did not intend to have the workmen's compensation act cover all of his farm laborers. What he desired to do was to protect himself from loss in case any of the men engaged in the work of distributing his farm produce were injured, and this was his sole purpose in procuring this policy of insurance."

It is manifest from this statement of the facts that Patrick Keaney was a farm laborer. He performed the ordinary work which is done by one hired by a farmer to aid in the common incidents of agricultural employment. *Rowley* v. *Ellis*, 197 Mass. 391. He was neither a "driver" nor "helper" in any proper meaning of those words, although occasionally he may have driven a team as a part of his farm work, and although in a most general sense he helped about the farm. His employer was a farmer.

The workmen's compensation act was not intended to confer its advantages upon farm laborers, or to impose its burdens upon farmers. St. 1911, c. 751, Part I, § 2. The legislative policy of exempting them from statutory benefits and liabilities established in addition to those of the common law, disclosed in the employers' liability act, St. 1909, c. 514, § 142, has been continued in the workmen's compensation act. A farmer employing laborers in agriculture suffers no harm in not undertaking to become a subscriber under the workmen's compensation act. Hence, it is apparent that a farmer who chooses to avail himself of its terms and thereby to confer the boon of its protection upon his employees, does so on other grounds than those which might actuate the manufacturer or other employer of labor. There is much strength

in the arguments drawn from the definition of "subscriber" in Part V, § 2, and of the requirements imposed upon subscribers by Part IV, §§ 20 and 21, that if one becomes a subscriber at all or in any respect he must be subject fully and without reservation or exception to all the provisions of the act. These arguments possibly might be decisive as to all employers save those excepted from the act. But as applied to employers of the excepted classes, they are not of countervailing force.

The act is a practical measure designed for use among a practical people. There appears to be no reason for saying that a farmer may not adopt it if he desires. Any contract of insurance made by him under its terms is valid and enforceable. On the other hand, if he does not desire to make it available for all of his employees, there is no insuperable objection to his undertaking an insurance for a limited portion of them. If there are those, separable from others by classification and definition, whose labor is more exposed or dangerous or whom he may desire to protect for any other reason, there is nothing in the act reasonably interpreted to show why he may not do so. The purposes of the act, which have been discussed at length in *Gould's Case*, 215 Mass. 480, are such that, if feasible, it ought to be extended to include cases within its scope interpreted in the light of its purpose, and to encourage its adoption by those who for reasons of legislative policy were excepted from its express operation. If construed to compel farmers to insure all their laborers if they undertake to insure any of them, the inevitable tendency would be to discourage resort to the act in any respect.

It is not necessary to decide whether those described in the policy as "drivers and helpers" were "farm laborers" or not. If they were, the grounds which have been stated are decisive against the employee. If they were not, but belong to a different class of employees not within the exception created by § 2 of Part I of the act, then the farmer would be deprived of that exemption, provided he was also engaged in some other line of business as to which he desired to come under the act. Such an interpretation of the act would be contrary to its declared purpose. The exemption applies to all farmers so far as concerns farming operations, whether carrying on other business or not.

*Decree affirmed.*