## CORNELIUS MURPHY *vs*. FURNESS-WITHY AND COMPANY, LTD.

### Suffolk.    March 7, 1927.— May 18, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Employer's liability, Of steamship owner to stevedore.    *Stevedore.    Ship.*

In the declaration in an action by a stevedore for personal injuries received while employed in discharging a cargo from a vessel, the plaintiff alleged that the defendant was his employer. The evidence at the trial was that the defendant did not own the vessel but arranged for a master stevedore to discharge the cargo, the stevedore choosing his own employees. The plaintiff's injuries were caused by his slipping in the early morning on a ladder leading to the hold which was in good condition when he left the vessel the night before but was greasy when he slipped. He was a stevedore of seven years' experience. The uncontradicted evidence for the plaintiff was that there was abundant light in which to observe the ladder and that any one who looked at it from the deck could see that it was oily. There was no evidence to indicate that the defendant had any knowledge of the condition of the ladder at the moment when the plaintiff sought to use it. A motion that a verdict for the defendant be ordered was denied and there was a verdict for the plaintiff. *Held*, that

(1) The plaintiff was not an employee of the defendant;

(2) The defendant did not owe the plaintiff any duty to warn him of the obvious condition of the ladder;

(3) There was no evidence of negligence by the defendant in failing to inspect the ladder.

(4) Judgment was ordered for the defendant.

TORT, the plaintiff in his declaration alleging that "on or about January 4, 1924, while employed by the defendant as a longshoreman, discharging cargo from the Steamship 'London Corporation' and . . . in the exercise of due care he was severely and permanently injured by reason of falling from a ladder, a part of the ways, works and machinery of the defendant or used by the defendant which were in a defective and unsafe condition." Writ dated August 26, 1924.

In the Superior Court, the action was tried before *Dillon*, J. Material evidence is stated in the opinion. At the close of

the evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $2,500.   The defendant alleged exceptions.

*S. R. Jones,* (*H. F. Fanning* with him,) for the defendant.

*J. A. Post,* for the plaintiff.

WAIT, J.   The following facts are substantially uncontested: The plaintiff, a stevedore of seven years experience, employed by the Bay State Stevedoring Company in discharging the cargo of a steamship owned by the Warren Line, about five o'clock in the afternoon left the hold where he had worked during the day of January 3, 1924, by an iron ladder located in the center of the hatch.   He saw that the ladder then was in perfect condition.   He returned to work about eight o'clock in the morning of January 4, and, facing the ladder, stepped over the coaming of the hatch with his feet on the second rung and both his hands grasping the top rung, when his hands slipped, he tried to get back, failed, and fell upon his feet on the shaft tunnel at the bottom of the hold. The rung and the ladder were slippery and greasy with oil. There was plenty of light.   He was the first of the stevedore gang to go down that morning.   The man who followed him, and who saw him get on the ladder and fall, looked at the ladder and saw what looked like oil all over the "rungs . . . and steps" of the ladder.   He saw it plainly.   "Any one looking at that ladder would say at once it was covered with oil." It could be seen by one standing on the deck.   During the night fuel oil had leaked through a bulkhead into the hold and formed a sticky mass on the flooring about the foot of the ladder.   The defendant arranged for the entrance and clearing of the vessel through the Custom House, and for the disposition of the cargo, and it attended to any request made by the captain.   It arranged for a stevedore to discharge the cargo.   The stevedore chose his own employees.   On April 18, 1924, the plaintiff executed and delivered to the defendant a release under seal in full satisfaction and discharge of all claim arising from the accident.   He received $380 in cash.   No bills for hospital, medical and surgical attention caused by the accident were paid by him.   They

were paid by the defendant. He made no tender of return or any return of the benefit received before bringing action.

Upon these facts it is clear that the plaintiff was not an employee of the defendant. The ladder belonged to the vessel and was not part of the ways, work and machinery of the stevedore, *Hyde* v. *Booth,* 188 Mass. 290; but "the duty of . . . [a] shipowner toward a longshoreman lawfully at work upon his vessel is the same as that of an employer respecting his apparatus and the permanent constructions with and upon which the laborer is expected to work, even though that laborer may be in the immediate employ of an independent contractor." *Crimmins* v. *Booth,* 202 Mass. 17, 21. It follows that the shipowner owed to the plaintiff the duty to use reasonable care to see that the ladder in question was safe and convenient for use. But an employer owes no duty to inform his servant of conditions which are open and comprehensible to any reasonably careful man. The duty of the employer does not relieve the employee from using his eyes and his judgment in regard to things open to his observation. *Crimmins* v. *Booth,* supra. *Meehan* v. *Holyoke Street Railway,* 186 Mass. 511. *Kelley* v. *New York Central Railroad,* 255 Mass. 124.

There is no contradiction of the testimony introduced by the plaintiff, that there was abundant light in which to observe the ladder and that any one who looked at it from the deck could see that it was oily. There was thus no duty to warn the plaintiff in regard to its condition.

Nothing appears in evidence to indicate that the defendant had any knowledge of the condition of the ladder at the moment when the plaintiff sought to use it. It was in perfect condition at five o'clock on the evening before. The presence of oil on the bottom of the hold and the surface of the bulkhead did not necessarily imply grease upon the upper rungs of the hatchway ladder. Whether any one had observed that it was greasy does not appear, nor when it became dangerous. In such circumstances there is no evidence of negligence in failing to inspect it, on which to predicate liability had the condition been concealed. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Towne* v. *Waltham Watch Co.* 247 Mass. 390.

The burden was on the plaintiff to establish negligence. He did not sustain this burden, and the judge should have directed a verdict for the defendant upon the defendant's motion. This renders unnecessary a consideration of the other contentions of the defendant. Since there was no negligence, the defendant is entitled to judgment. G. L. c. 231, § 122.

*Exceptions sustained.*
*Judgment for defendant.*