JOSEPH FRAIOLI *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk. May 18, 23, 1934. — May 25, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Negligence,* Employer's liability.

An employee of a railroad corporation not insured under the workmen's compensation act, whose employment for ten years had been as a laborer or trucker and to do "most anything there in the car shop," was not entitled to recover in an action of tort against his employer for personal injuries alleged to have resulted from an "omission by the defendant to provide suitable platforms, ways and means and such other facilities as would eliminate the need for the plaintiff to walk on pipes and insecure footing in the performance of his duties," where it appeared that, while, not as a part of his regular work, he was helping to transfer pipes four or five meters long and weighing four or five hundred pounds from a pile to racks, understanding how

to do the work without instructions and knowing that he had to look out that he did not slip if he stepped on one of the pipes, one pipe rolled when he stepped upon it and he was hurt, and there was no evidence that the pipes should have been piled by any other method.

TORT. Writ in the Municipal Court of the City of Boston dated June 7, 1933.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*R. I. Gottlieb, B. Nesson, & D. D. Kadetsky,* for the plaintiff, submitted a brief.

*H. Lawlor,* for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff while employed by the defendant at its Readville shops. The declaration and bill of particulars alleged that the plaintiff was injured by reason of negligence of the defendant, its servants or agents, "because of the omission by the defendant to provide suitable platforms, ways and means and such other facilities as would eliminate the need for the plaintiff to walk on pipes and insecure footing in the performance of his duties." It was admitted that the plaintiff was employed by the defendant. The case was tried on the theory that the defendant was not insured under the workmen's compensation act and that the only ground of liability was negligence of the defendant at common law. The plaintiff testified that he had worked ten years for the defendant as a laborer or trucker; that he used to load and unload cars, to do iron work and "most anything there in the car shop"; that at the time of the accident there was a pile of pipes in front of a bin or racks; that he was engaged with others helping to put the pipes upon racks; that this was not a part of his regular work; that the pipes were about four or five meters long and weighed four or five hundred pounds; that there were seventy or seventy-five of the pipes in the pile when they started to work, and at the time of the accident half of the pile had been put in the

racks; that he understood how to do the work without instructions from his boss; that the boss left them about an hour and a half before the accident and said, "Look out, don't get hurt"; and that he knew he had to look out that he did not slip if he stepped on one of the pipes. The plaintiff was hurt by the rolling of one pipe when he stepped upon it in attempting to put another pipe into the rack. There was testimony that the pile of pipes was blocked with a piece of wood so as to keep them from rolling, but no testimony that there was a better practicable way to do or to safeguard the work.

The principles of law governing the rights of the parties have been stated many times and need not be amplified. *Moynihan* v. *Hills Co.* 146 Mass. 586. *Erickson* v. *American Steel & Wire Co.* 193 Mass. 119, 125. *Wood* v. *Danas*, 230 Mass. 587, 591, 592. The employer is bound to furnish a reasonably safe place for his employees to work, but is not required to change the structure of his buildings nor to give instructions as to obvious risks. There was no evidence that the pipes should have been piled by any other method. The case at bar falls within *Currier* v. *Whitin Machine Works*, 258 Mass. 82, *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503, *O'Meara* v. *Adams*, 283 Mass. 396, *Walsh* v. *Boston & Maine Railroad*, 284 Mass. 250, and not within the class of cases illustrated by *O'Toole* v. *Pruyn*, 201 Mass. 126, *Bernabeo* v. *Kaulback*, 226 Mass. 128, and *McCarthy* v. *New York, New Haven & Hartford Railroad*, 285 Mass. 211.

*Exceptions overruled.*