HILMA SJOSTEDT *vs.* EDWIN S. WEBSTER.

Middlesex.    May 13, 1940. — June 25, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Employer's liability: unsafe appliances, assumption of risk.

Negligence of an employer toward a woman employed to clean a house
was not shown by evidence of a fall from a step-ladder furnished by
him due merely to the ladder's sliding on a waxed floor on which she
had placed it and which she knew was slippery.

If a "wobbly" condition of a step-ladder furnished by one employing a
woman to clean a house was the cause of her falling from it, no negli-
gence on his part toward her was shown where such condition existed
at the time her employment began and was obvious to her.

TORT.    Writ in the Superior Court dated February 11,
1938.

The action was tried before *Beaudreau, J.*

*A. K. Carey,* (*W. R. Morris* with him,) for the plaintiff.

*J. W. White,* (*A. F. Bickford* with him,) for the defendant.

RONAN, J.    The plaintiff was injured by falling from a
step-ladder she was using while cleaning the walls of a room
in the summer residence of the defendant, her employer,
at Holderness, New Hampshire, which she, with others,
was preparing for occupancy by the defendant. She ex-
cepted to the granting, under leave reserved, of the de-
fendant's motion for the entry of verdict for him after the
jury had returned a verdict in her favor upon a count
in her declaration alleging that the defendant had negli-
gently failed to furnish her with suitable appliances and
tools for the performance of her duties.[1]

There was evidence that she was directed to clean the
walls of one of the rooms. There was a six or seven foot
step-ladder in the room which she observed was "kind of
wobbly." She was warned by the one in charge not to go

[1] A verdict was returned for the defendant on a count based on his alleged
negligence in failing to provide safe and suitable premises for the performance
of the plaintiff's work. — REPORTER.

to the top of the step-ladder as it was not very strong. The plaintiff used this step-ladder, moving it to two or three locations as she continued her work. She had gone up to the third step and was engaged for fifteen minutes in dusting and then, while getting ready to descend from the ladder, the accident occurred. She had done similar work for the defendant during the two or three preceding years in getting the house ready for the summer. She was familiar with the use of a step-ladder. She had been to the top of a six or seven foot step-ladder and had not noticed any vibration. She knew a step-ladder was not as firm as a stairway. There was "no shake" in an ordinary step-ladder if one goes up carefully, but this step-ladder "was very shaky."

The plaintiff was a domestic servant and did not come within our workmen's compensation law, G. L. (Ter. Ed.) c. 152, § 67, or that of the State of New Hampshire, Public Laws (1926) c. 178, § 1; N. H. Laws 1937, c. 159, § 1. Her rights are to be determined by the law of New Hampshire. *Smith* v. *Brown*, 302 Mass. 432. The parties do not contend that the law of New Hampshire is different from our own common law and, in the absence of anything to indicate the contrary, we assume that it is the same. *Shumaker* v. *Lucerne-in-Maine Community Association*, 275 Mass. 201. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445.

The only evidence as to the manner in which the accident occurred was given by the plaintiff, who testified that she was ready to go down and took hold of the ladder, which shook and slid from under her, "it just slid away from . . . [her]"; and that the ladder "was shaky and just at the time of the accident it happened to slide, it was slippery there." The plaintiff had moved the ladder from place to place in the room in the performance of her work and, at the time of the accident, it was resting where the plaintiff had put it upon a floor that had been recently waxed and which she knew was slippery. The mere sliding of a step-ladder in these circumstances could not be held to be due to the negligence of the defendant. *Feely* v. *Pearson Cord-*

*age Co.* 161 Mass. 426. *McIntire* v. *White,* 171 Mass. 170. *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113. *McDonnell* v. *New York, New Haven & Hartford Railroad,* 192 Mass. 538. *Healy* v. *Gilchrist Co.* 205 Mass. 393. *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229. *Fraioli* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 450. *Peterson* v. *Empire Clothing Co.* 293 Mass. 447. *Rego* v. *Sagamore Manuf. Co.* 305 Mass. 346.

If the evidence was sufficient to warrant the jury in finding that the accident was not due solely to the slippery floor but that the condition of the step-ladder had a causal connection with its occurrence, then there was no error in ordering the entry of a verdict for the defendant. There was no evidence that any part of the step-ladder was broken or that there was a hidden defect. If the step-ladder was less rigid or stable than an ordinary step-ladder, then such condition was obvious and was known to the plaintiff. The evidence would not warrant a finding that the step-ladder was not in the same condition when she entered the defendant's employment a few days before the accident as it was at the time of the accident. It was a known risk incident to the employment, and the defendant was under no obligation to change the obvious conditions of his premises or to improve the obvious methods of business that existed at the time the employment began. The risk arising from such conditions became a part of the contract of employment and continuance of such conditions did not constitute negligence of the employer. *Wood* v. *Tileston & Hollingsworth Co.* 182 Mass. 449. *Miszoian* v. *Taft,* 206 Mass. 227. *Murphy* v. *Furness-Withy & Co. Ltd.* 259 Mass. 394. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. *Fraioli* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 450. *Beggelman* v. *Romanow,* 288 Mass. 14. *Mohammed* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 219. *Murphy* v. *Grand Trunk Railway,* 73 N. H. 18. *Sanborn* v. *Boston & Maine Railroad,* 76 N. H. 523.

*Exceptions overruled.*