JOSEPHINE BELL *vs.* LILLIAN W. SAWYER.

Barnstable.    February 1, 1943. — February 23, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Agency,* Independent contractor, Domestic servant.

Evidence would not have warranted a finding that the plaintiff, who sustained injuries caused by negligence of employees of the defendant while the plaintiff was engaged in doing laundry work and closing a summer residence for the defendant, was free from the right of control by the defendant as to the details of the work or was an independent contractor entitled to recover for injuries so caused.

TORT.   Writ in the Superior Court dated April 11, 1940.

There was a trial before *Brown,* J., who ordered a verdict for the defendant and reported the case to this court.

*J. Schneider,* for the plaintiff.

*S. P. Sears,* for the defendant.

LUMMUS, J.   This is an action of tort for personal injuries resulting from a fall by the plaintiff through a trap door at the summer residence of the defendant on October 27, 1939.   At the argument the defendant conceded that the injuries were caused by the negligence of some of the household servants of the defendant, acting in the course of their employment.

The plaintiff was the only witness on the question of liability.   Her testimony tended to prove the following facts.   She had been doing laundry work for others at her house for more than thirty years, and did such work at two or three other houses.   She also had opened summer residences in the spring and closed them in the fall for twelve years.   She did the work in her own way as she saw fit.   For five years she had done that work for the defendant. Nothing had been said by the defendant to the plaintiff on the occasion in question except to do the laundry and close the house.   The plaintiff did the work in her own way. The plaintiff did some domestic work for quite a number

of people around Hyannis. The defendant was one of her old customers. The plaintiff was experienced in laundry work and house cleaning and closing houses, and needed no directions from anybody. The defendant's household servants, a cook, a waitress and a chauffeur, were helping to get the house closed. The plaintiff received fifty cents an hour.

At the conclusion of the evidence the judge directed a verdict for the defendant, subject to the plaintiff's exception. By stipulation the jury assessed damages at $4,000. The judge then reported the case upon the stipulation that if his ruling was correct the verdict for the defendant shall stand, and otherwise a verdict shall be entered for the plaintiff for $4,000.

The defendant offered to show that she was a subscriber under the workmen's compensation act, and was covered by insurance under that act. But neither party argues that the fact is material. The abolition of the defences of contributory negligence, negligence of a fellow servant and assumption of risk does not apply to actions by domestic servants (such as the plaintiff was if she was a servant at all) for personal injuries. G. L. (Ter. Ed.) c. 152, §§ 66, 67. *Sjostedt* v. *Webster*, 306 Mass. 344, 345. If the plaintiff was a servant, she cannot recover, for her injuries were caused by the negligence of a fellow servant. *Greem* v. *Cohen*, 298 Mass. 439, 441. She can recover only by showing that she was an independent contractor.

The nature of the distinction between a servant and an independent contractor is well settled. "If the person doing the work is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it, and is not subject to direction or control as to every detail of the work, he is an independent contractor. On the other hand, if at every moment, with respect to every detail, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed . . . or a right to designate the work to be done under the contract . . . then he is a servant or employee. . . . One may be a

servant though far away from the master, or so much more skilled than the master that actual direction and control would be folly, for it is the right to control rather than the exercise of it that is the test." *McDermott's Case,* 283 Mass. 74, 76, 77.

The burden of proof was on the plaintiff to prove herself an independent contractor, free from control by the defendant as to the details of her work. The only indication in her favor is the fact that she did not receive any directions from the defendant as to the manner in which she should do her work. The indications to the contrary are many. The plaintiff had no established place of business. She worked in the houses of her employers. So far as appears, she used the tools and materials of her employers, and furnished none of her own. She was paid by the hour, and not by the job. Her work was of a sort usually performed by domestic servants. The defendant's servants were engaged in the same general task. It was of a sort concerning which every housewife has ideas and desires, which she wishes carried out. It did not require any unusual skill. On all the evidence we are of opinion that the plaintiff could not be found to be an independent contractor. Am. Law Inst. Restatement: Agency, § 220 (2).

*Judgment for the defendant on the verdict.*