MARY MACHADO *vs.* GUSSIE KAPLAN.

Bristol. October 23, 1950. — December 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Fire. Proximate Cause. Employer's Liability,* Place of work. *Negligence,* Fire; One owning or controlling real estate; Employer's liability: place of work. *Conflict of Laws.*

The law of Rhode Island governed the liability of the owner of a summer home located in that State to a domestic servant injured while escaping from a fire which burned the home while the owner and the servant were there.

Evidence that the owner of a house, following a fire which occurred therein during the night after a fireplace had been used in the evening, said to a domestic servant injured in escaping from the fire that "she [the owner] was very sorry, that she should have had the chimney cleaned," while warranting a finding of negligence on the part of the owner, did not warrant a finding that her negligence caused the fire.

TORT. Writ in the Superior Court dated April 1, 1947.

The action was tried before *O'Connell,* J., who ordered a verdict for the defendant and reported the action.

*J. C. Donnelly, Jr.,* for the plaintiff.

*F. D. Mone,* for the defendant.

.LUMMUS, J. Both parties live in Taunton where the plaintiff has been employed as a domestic servant by the defendant. For fifteen years the defendant with her three children has spent the summer in Barrington, Rhode Island, where she owned a summer home. On the ground floor there was a fireplace, which smoked and accumulated soot in the chimney. The plaintiff testified that she saw the defendant clean up the soot twice in 1946.

On August 3, 1946, early in the evening, the defendant's son built a fire in the fireplace. There was no fire screen placed around the fire. The defendant went to bed about half past eight, and the plaintiff about half past ten. About one o'clock in the morning the plaintiff was awakened by a shout of "fire." The stairway could not be used because of smoke and flame, so the occupants of the house went on the piazza roof. The plaintiff was the last to jump to the ground, and by the time she jumped the flames were close to her and the roof was caving in. When she jumped, she fell on her back and was hurt.

The defendant testified that she remembered no repairs to the fireplace or chimney, and that for two or three years she had noticed, when a fire was built, that smoke would come out into the room until the chimney became heated.

The judge directed a verdict for the defendant, and reported the case with the stipulation that if this action was erroneous there should be a verdict for the plaintiff for $8,500.

Liability depends upon the law of Rhode Island, where the parties and the property were. *Sjostedt* v. *Webster,* 306 Mass. 344, 345. *Murphy* v. *Smith,* 307 Mass. 64. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636, 639–640. It is not argued that in the absence of an election by the employer an injury to a domestic servant is within the workmen's compensation law of that State, any more than it is within that of Massachusetts. G. L. (Ter. Ed.) c. 152, §§ 1, 67. R. I. General Laws of 1938, c. 300, art. 1, §§ 1, 2. *Sjostedt* v. *Webster,* 306 Mass. 344, 345. We find nothing to indicate that the law of Rhode Island differs from that of Massachusetts with respect to the duty owed by the defendant to the plaintiff. "The defendant was bound to exercise reasonable care to have and maintain the premises in a safe condition for the use of the employee in the performance of the work she was hired to do, and the employee assumed the risk of the conditions of the premises that were apparent from a reasonable examination." *Ryan* v. *Gray,* 316 Mass. 259, 260.

We see no evidence in the case from which liability on the part of the defendant could be found, unless it be the evidence of the plaintiff that after the accident the defendant called on her at the hospital, and said that "she was very sorry, that she should have had the chimney cleaned." That statement warranted a finding of negligence on her part. *Eldridge* v. *Barton,* 232 Mass. 183. *Leary* v. *Keith,* 256 Mass. 157. *Zimmerman* v. *Litvich,* 297 Mass. 91, 94. *Woronka* v. *Sewall,* 320 Mass. 362. *Sayles* v. *Sayles,* 323 Mass. 66.

But we think that the defendant's admission, while evidence of her negligence, did not go far enough to constitute evidence that her negligence caused the fire. In *Withington* v. *Rome,* 258 Mass. 188, where the plaintiff fell through a window, a statement by the defendant that it was his fault was held not to show any causal connection between the condition of the window and the fall. In *Webber* v. *McDonnell,* 254 Mass. 387, a statement by the defendant, the owner of a horse, that the horse was mean

and not clever and he was not going to keep the horse, was held not to be evidence that the horse was vicious and a kicker. Since there was no evidence, in our opinion, that the fire was caused by any negligence of the defendant, the entry must be

*Judgment for the defendant.*