LILLIAN BREWER'S CASE.

Suffolk.    November 5, 1956. — December 5, 1956.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, To whom act applies, Insurance.

Dismissal of a claim for workmen's compensation was required by findings of the Industrial Accident Board that the owner of an apartment building who occupied an apartment therein employed the claimant as a domestic servant in his capacity of householder and did not employ her in connection with his business of operating the apartment building, that the injury on which she based the claim arose out of and in the course of her employment as such domestic servant, and that she was not covered under a policy of workmen's compensation insurance issued to her employer for his apartment building business and covering only the janitor therein.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *O'Connell, J.*

*A. Herbert Kahalas & Hugh J. Golden,* for the claimant, submitted a brief.

*Philander S. Ratzkoff,* for the insurer.

RONAN, J.  This is an appeal from a final decree denying compensation in a workmen's compensation case.

The claimant was hired in 1949 by Alice Russell, an aged person, to assist her in doing the cooking, cleaning, washing, and various household duties.  She was hired at the suggestion of Mrs. Russell's son who occupied an adjoining apartment in a twenty-four apartment building.  She was paid by funds furnished to the mother by the son.  She also did some household duties for the son.  The reviewing board found that she was hired by the mother as agent of the son. The son purchased the property on or about January 1, 1951.  He and his mother retained their quarters.  The claimant, who considered herself a domestic employee,

continued her services going back and forth to the premises each day. On his acquisition of the property Russell arranged for the insurance but so far as workmen's compensation was concerned he covered only the janitor.

On January 17, 1951, the claimant was requested by Mrs. Russell to wash the outside and inside of the apartment windows, and while engaged in cleaning the outside of one of these windows in Mrs. Russell's apartment she fell and was injured.

The single member made an award which was reversed by the reviewing board which found that the claimant's injuries arose out of and in the course of her employment as a domestic servant and that she was not included in the workmen's compensation policy that covered the janitor. The findings, rulings, and decision of the reviewing board supersede the decision of the single member, *Di Giovanni's* *Case,* 255 Mass. 241, 242, *McCarthy's Case,* 314 Mass. 610, 612, *Khachadoorian's Case,* 329 Mass. 625, 627; and findings of fact by the board are final unless lacking in evidentiary support or tainted with some error of law. *Wanders's Case,* 308 Mass. 157. *Sawyer's Case,* 315 Mass. 75, 76. *Karelis's* *Case,* 328 Mass. 224. Whether the claimant was a domestic servant was a question of fact for the determination of the board. She did the cleaning, cooking, and various activities associated with household duties. See *Sjostedt* v. *Webster,* 306 Mass. 344; *Bell* v. *Sawyer,* 313 Mass. 250; *Le Gere* v. *Lorenc,* 282 App. Div. (N. Y.) 791. There was no error in the finding that the claimant was employed as a domestic servant by Russell as a householder and that she was not an employee of his as the owner or operator of the apartment property in which latter capacity the board inferred he was conducting a business separate and distinct from his regular occupation and on account of which he carried workmen's compensation insurance.

There was no evidence that the janitor had previously washed the windows or that it was a part of his duty to do so.

The claimant argues that an employer is not permitted to insure some of his employees in his business and to leave others uninsured, *Cox's Case*, 225 Mass. 220, 225, *Employers Mutual Liability Ins. Co. v. Merrimac Mills Co.* 325 Mass. 676, 679; but the principle contended for applies only to the same class of industrial employees and does not extend to employees in a separate and distinct business. An employer is not required to insure, nor is he penalized if he fails to do so, if he has "three or less persons, or persons employed as domestic servants and farm laborers." G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1945, c. 369; § 66, as appearing in St. 1943, c. 529, § 9A; § 67, as appearing in St. 1943, c. 529, § 10. *Keaney's Case*, 217 Mass. 5. *Pallotta's Case*, 251 Mass. 153.

The final decree must be affirmed.

*So ordered.*