*Municipal Court of the*
*City of Boston*

No. 232123

## BOSTON TOMATO COMPANY, INC.

v.

## FRANK W. MORSE CO., ET AL

Argued: June 8, 1973 - Decided: Oct. 1, 1973

*Present:* Lewiton, C.J., Glynn, DeGuglielmo, JJ.

Case tried to *Elam, J.*

**Glynn, J.** This is an action of tort in which the plaintiff (hereinafter Boston Tomato)

seeks to recover for property damage alleged to have been caused by the escape of water from the defendant's premises. The declaration is in two counts. Count I is against the Frank W. Morse Company, Inc., (hereinafter Morse) and alleges that the plaintiff was a tenant of the basement of a building located at 358 Congress Street in Boston, and that on or about August 27, 1967 Morse negligently permitted a leak of water which caused damage to Boston Tomato's property. Count II is against the other defendants who are the trustees of the Boston Wharf Company (which owned the building in which the damage was alleged to have occurred) and is substantially the same as Count I.

The answer of the defendant Morse is a general denial (all other paragraphs of its answer were waived in open court by counsel for Morse). The answer of the Trustees of the Boston Wharf Company is a general denial, contributory negligence, assumption of the risk and Statute of Limitations. The court found for the plaintiff on Count I. The court found for the defendant Boston Wharf Company and the plaintiff does not complain of this finding.

**The evidence at the trial tended to show the following:**

The plaintiff in this case operated a tomato packing business in the basement at 358 Congress Street, Boston. The defendant, Frank

W. Morse, Inc. occupied the premises above the plaintiff for some years prior to August, 1967. On Monday, August 28, 1967, the president of the plaintiff corporation, John J. Silvestro, arrived at 6:00 A.M. and found his premises with about 5 to 6 inches of water on the floor. He observed water was also coming down from the walls and ceiling. The plaintiff witness Silvestro testified that later on that morning one Carlton Morse, who was president of the defendant corporation, said to Silvestro, "I'm sorry, I should have had that heater replaced a long time ago."

All the interrogatories from the plaintiff to defendant Morse and the defendant's answers thereto were introduced in evidence by the plaintiff. Among them was Interrogatory #4a, which asked "What was the source of the water which caused the alleged damage?" The defendant's answer was "a leaking hot water heater". Also, in answer to Interrogatory #2, the defendant stated that a hot water heater under its control sprung a small leak causing water to drip on to the floor under it. The leaking hot water heater was replaced by the defendant after the alleged leak (Answer to Interrogatory #9). There was no evidence offered by the defendant Morse or the defendant owners.

The defendant Morse made the following requests for rulings and the trial judge ruled on them, as follows:

"1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent. *The court denied this request.*

"2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage. *The court denied this request.*

"3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage. *The court denied this request.*

"4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff. *The court denied this request.*

The four requests for rulings are directed at the issue of negligence and proximate cause. The issue before this court is whether or not there was sufficient evidence to warrant a finding by the trial judge that any negligence of the defendants was the proximate cause of the damage to the plaintiff's property.

The plaintiff is not required to exclude all other possibilities of accident if he has proved by a preponderance of the evidence that it was caused by the negligence of the defendant. *Couris* v. *Casco Amusement Corp.*, 333 Mass. 740.

The defendant's answers to Interrogatories #2 and #4a, in addition to the testi-

mony of the witness Silvestro, were sufficient to warrant a finding by the court that the damage was caused by a leaking hot water heater under the control of the defendant. From the evidence as to the statement of the president of the defendant, in the context in which it was made, to the effect that he was sorry and should have replaced the hot water heater long before, the trial court was warranted in drawing an inference that the said president knew before this incident that the hot water heater was defective, and that the defendant was negligent in failing to repair or replace it. *Machado* v. *Kaplan,* 326 Mass. 615.

The sole evidence that the president of the defendant company made the statement about the condition of the water heater, comes from the plaintiff's witness. There is nothing in the report indicating any objection to this statement.

The testimony of Silvestro was uncontradicted, it had certain probative value for the trial judge to consider. The trial judge could believe or disbelieve this testimony. In view of his rulings on the requests and his finding for the plaintiff, it was apparent that he believed this testimony. *Smith* v. *Green,* 358 Mass. 76.

This admission, in addition to the evidence introduced by way of answers to interrogatories was sufficient in warranting the finding

of the trial judge, that the defendant was negligent in failing to repair or replace the defective hot water heater, and that this negligence was the proximate cause of the damage to the plaintiff's property.

There was no error in the rulings of the trial judge and the report is dismissed. **Report dismissed.**

EDMUND M. PITTS
   for the Plaintiff

JAMES B. DOLAN
   for the Defendant