*Municipal Court of the*
*City of Boston*

No. T-28986

### LILLIAN R. SMITH

v.

### SUPREME ROSLINDALE, INC.

Argued: Nov. 30, 1973   Decided: Jan. 15, 1974

Case tried to *Elam, J.,* in the Municipal Court of the City of Boston. No. T-28986.

*Present:* Lewiton, C.J., Glynn, Doerfer, JJ.

**Glynn, J.** This is an action of tort to recover damages for personal injuries sustained by the plaintiff on or about August 5, 1970 while she was a business invitee on the premises controlled by the defendant. The plaintiff alleges that she was caused to be injured by a bottle of ginger ale which broke apart when it struck the floor of the defendant's premises. The plaintiff alleges further that the said bottle was caused to fall from a checkout counter due to the negligence of the defendant, its agents or servants.

The answer is a general denial, contributory negligence, denial that the plaintiff's injuries were caused by an agent of the defendant, and alleges that the acts complained of in the plaintiff's declaration were the acts of a third person for whom the defendant was not responsible.

*The evidence introduced showed that* the plaintiff, after shopping in the defendant's store, brought her cart to a check-out counter and was having her groceries checked out. There was a boy at the next check-out counter operating the cash register and checking groceries. The boy was about 3 or 4 feet behind the plaintiff. The plaintiff did not see anybody else at the other check-out counter. The plaintiff heard a crash and felt something on her leg. She looked down and saw a broken bottle of ginger ale on the floor near her leg which was bleeding. About the same time the same boy came over and said to the plaintiff, "I'm sorry". This was all the evidence contained in the report.

Before arguments, the defendant submitted four requests for rulings all of which were denied. The defendant claims to be aggrieved by the denial of requests number 1, 3 and 4. They are as follows:

"1. The evidence does not warrant a finding that the defendant, agents or servants was negligent.

"*3.* The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

"*4.* As a matter of law the defendant breached no legal duty owed by it to the plaintiff."

The trial judge made findings of fact that the defendant's employee was negligent and the negligence was the proximate cause of the plaintiff's injuries.

From the evidence reported there is no evidence as to how the bottle of ginger ale fell to the floor. No act of omission or commission is shown on the part of any employee of the defendant. The mere happening of an accident is not evidence of negligence. *Reardon* v. *Boston Elevated R.R.*, 274 Mass. 124.

The manner in which the accident happened is left to conjecture or surmise and its happening is not based on any evidence of negligence on the part of any employee of the defendant. *Gillis* v. *Boston & Revere Beach R.R.*, 266 Mass. 481.

There is no evidence reported to show that the surrounding circumstances of the accident were such that its happening was in the sole and exclusive control of the defendant. There are no facts shown from which any inference of prima facie responsibility can be attributed to the defendant. *Couris* v. *Casco*

*Amusement Co.*, 333 Mass. 740. *Bartlett* v. *Town Taxi Co.*, 263 Mass. 215.

No liability can be established from the statement "I'm sorry" which was made by the boy at the next check-out counter. Mere expressions of sympathy are not sufficient to show any employee was negligent or such negligence, if found, was the proximate cause of the injury. *Machado* v. *Kaplan*, 326 Mass. 615. *Webber* v. *McDonnell*, 254 Mass. 387.

From the evidence reported the defendant was aggrieved by the refusal to allow requests numbered 1, 3 and 4. **The finding for the plaintiff is vacated and it is ordered that a finding be entered for the defendant.**

CHARLES T. JOHNSON
for the plaintiff
ANTHONY D. MURPHY of Boston
for the defendant